## WALT LANGSTON v. THE STATE.

No. 12748.   Delivered November 27, 1929.

The opinion states the case.

*John B. Guinn* of Jacksonville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, two years in the penitentiary.

Several witnesses testified to the sale of a pint of whiskey by appellant to one Bill Garner.   It is claimed the evidence was insufficient, based apparently upon inconsistency in the testimony of State's witnesses and express contradiction of them by many defense witnesses.   Such matters go only to affect the credibility of the witnesses.   The sole right to pass on these has been vested by statute in the jury and this Court is without authority to grant appellant relief in a matter of this kind.

Objection was made to the Court's action in requiring appellant while a witness upon the stand to testify that he had been billed three times prior to the instant case in liquor cases in Cherokee County.   The objection to this was that it was immaterial and was proof of an extraneous crime.   That the accused offering himself as a witness may be required to answer such a question has been ofttimes held.   See Encyclopedia Digest of Texas Reports (Criminal Cases), Vol. 6, p. 699.   Among the cases there cited are the following:   Darbyshire v. State, 36 Tex. Crim. App. 547; Keaton v.

State, 41 Tex. Crim. Rep. 621; Kemper v. State, 13 S. W. 1025. If these indictments were too remote in point of time or were misdemeanors not involving moral turpitude, the burden was on appellant to show same in his bill of exception. This he failed to do. His objection was a general one and his bill presents nothing for review, since proof of former indictments is always admissible to affect the credibility of the accused as a witness, unless too remote in point of time or unless they relate to misdemeanors not involving moral turpitude.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.